KONING *v.* COHASSETT LUMBER CO.

ADVERSE POSSESSION—EVIDENCE—SUFFICIENCY.
> Evidence showing that plaintiffs and their grantors had been in continuous, actual, open, notorious, and hostile possession of land in question for more than 40 years, *held,* to justify finding of court below that they had acquired title by adverse possession.

Appeal from Muskegon; Miles (Fred T.), J., presiding. Submitted January 18, 1933. (Docket No. 84, Calendar No. 36,738.) Decided June 5, 1933.

. Bill by Jacob Koning and another against Cohassett Lumber Company, a defunct corporation, and others to quiet title to land and for other relief. Decree for plaintiffs. Defendants Cohassett Oil Company and John G. Turner appeal. Affirmed.

*George H. Cross* (*E. C. Farmer,* of counsel), for appellants.

*Macdonald & Macdonald* (*Cross, Foote & Sessions, Lou L. Landman,* and *Alexis J. Rogoski,* of counsel), for appellees.

McDONALD, C. J. This is a suit to quiet title to certain land in the township of Laketown, Muskegon county, Michigan. The land is part of lot one, which is the east fractional half of the southeast quarter of section 12, township 10 north, of range 17 west. Lot one was owned by the Cohassett Lumber Company, and according to the government survey con-

tained 66.15 acres.   In 1887 the company sold to
George R. Kinsman the following description:

"All that part of lot 1, section 12, township 10
north, range 17 west, lying north of the limits of
the village of North Muskegon, said to contain 10
acres, the same more or less."

Bear lake extends into the southeast quarter of
section 12.   In 1840 a dam was built across the out-
let of the lake.   This dam caused the water to over-
flow the surrounding land, covering the northeast
portion of lot one, and leaving high and dry a tri-
angular piece of about 10 acres in the northwest
corner.   In 1883 the dam went out.   When the water
receded it left a marshy tract.   Such was the con-
dition of the land when George R. Kinsman received
his conveyance from the Cohassett Lumber Com-
pany, in 1887.   His description seems to convey the
10 acres that were not submerged from the overflow,
but the plaintiffs, who trace their title from Kins-
man, claim that when he purchased the land the
boundaries were pointed out to him on a map and
included the entire portion of lot one lying between
the north limits of the village of North Muskegon
and the thread of Bear creek; and that the disputed
portion, which consists of the marshy tract, was
omitted from the description by mistake in drafting
his deed.   The testimony bears out this contention.
George R. Kinsman went into possession of the
disputed strip of land under claim of ownership.   In
1905 he deeded it to Charles Gilbert and included
the disputed portion in the description.   Gilbert
deeded it to Hans D. Meyer in 1908, and Meyer
deeded it to the plaintiffs in 1921.   The plaintiffs
claim that all of their *mesne* grantors were in con-
tinuous possession, exercising acts of ownership

beyond the statutory period, and that the title thereto is now in them by adverse possession.

In April, 1899, the Cohassett Lumber Company, grantor of George R. Kinsman, filed a notice of dissolution with the county clerk of Muskegon county, and is now defunct. The defendants Cohassett Oil Company and John G. Turner, in 1929, 1930, and 1931, acquired the interests of the stockholders in the disputed lands by deeds of conveyance from the heirs-at-law of the several stockholders of the Cohassett Lumber Company, whose names appeared as such in the last annual report of the company.

The defendant Joseph H. Metcalf has now no interest in the litigation, he having joined with the plaintiffs in a stipulation for discontinuance as to him after their release of any claim to an interest in the land south of Bear creek.

On the hearing, the court reformed the Kinsman deed as to description, found that the plaintiffs had acquired the disputed strip by adverse possession, and entered a decree quieting their title. The Cohassett Oil Company and John G. Turner have appealed.

We think a clear preponderance of the testimony sustains the decree. It is undisputed that Mr. Kinsman went into possession of the disputed tract of land in 1887 under a claim of ownership, and that he cultivated it as far as it was possible to do so at the time. It was not all workable. About half of it was covered with large stumps and could only be used for pasture and hay. Mr. Kinsman owned property directly north of the land in dispute. From that property he extended fences on both the eastern and western sides of the disputed tract to Bear creek, which the plaintiffs here claim is its southern boundary. He also cleared about an acre, raised

potatoes and other crops, and used the uncleared portion for hay and pasture. In 1888, he sold some logs near the creek to George Arms, a stockholder of the Cohassett Lumber Company, his grantor. The disputed land was assessed to him, and he paid the taxes. In 1905 he sold the land to Charles Gilbert, his son-in-law. Gilbert was in the dairy business. He pastured his cattle on the land, cut hay from it, maintained the fences built by his father-in-law, and erected others. He built a house and farm buildings on the land, paid the taxes, and lived there until he sold out to Hans D. Meyer in 1908. Mr. Meyer extended the drainage ditches, maintained the fences, stumped and cleared a portion of the land, raised crops, pastured cows (at one time eight in number), cut hay, and paid taxes on the entire disputed tract. After occupying the land for 12 years, he sold it to the plaintiffs in 1920. The plaintiffs cultivated the land, and, during the latter part of their occupancy prior to this suit, divided it into narrow tracts, all of which ran south to Bear creek.

These facts, which are well established by the great weight of evidence, show that the plaintiffs and their grantors have been in continuous, actual, open, notorious, and hostile possession of the land in question for more than 40 years.

The trial court was right in holding that title was in the plaintiffs by adverse possession.

The decree is affirmed, with costs to the plaintiffs.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.